AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No: 1:10-cr-159-04 |
| Melecio Flores | ) | USM No: |
| | ) | |
| Date of Original Judgment: 3/29/2012 | ) | |
| Date of Previous Amended Judgment: n/a | ) | n/a |
| *(Use Date of Last Amended Judgment if Any)* | | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated   03/29/2012   shall remain in effect.
**IT IS SO ORDERED**.

Order Date: 5-6-2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

James R. Sweeney, II, District Court Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:10-cr-00159-JRS-MJD |
| MELECIO FLORES, | ) ) | -04 |
| Defendant. | ) ) | |

**Order on Motions for Sentence Reduction**

Melecio Flores was sentenced to 216 months' imprisonment for his role in a drug conspiracy. (Judgment, ECF No. 402.) Now before the Court are Flores' two Motions to reduce his sentence under 18 U.S.C. § 3582, USSG § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (ECF Nos. 489, 495.)

**I.    Legal Standard**

The Court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the sentencing guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at USSG § 1B1.10 provides that the Court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. Those amendments are set forth in § 1B1.10(d). Relevant here is Amendment 821, Part B, "Zero-Point Offenders," which grants a two-level reduction in offense level to certain offenders with no prior criminal history. The Court is directed to consider the 18 U.S.C. § 3553(a) statutory factors in deciding whether and how to reduce a sentence. 18 U.S.C. § 3582(c)(2); USSG § 1B1.10, comment. (n.1(B)).

## II. Discussion

Flores was sentenced in 2012. The sentencing judge, using the then-applicable 2011 Sentencing Guidelines, found a base offense level of 38, because the drug crimes involved 31,000-odd kilograms of marijuana equivalent. (Sentencing Transcript 6, ECF No. 429.) The judge declined to apply either a two-level enhancement for distributing drugs to prison or a two-level enhancement for involving a minor; the judge did, however, apply a three-level enhancement for Flores' role as a manager or supervisor. (*Id.* at 6–7.) Two more levels were added for a conviction under 18 U.S.C. § 1956, and two levels subtracted for acceptance of responsibility. (*Id.* at 8.) The sentencing judge thus used an offense level of 41 and a criminal history category of I to calculate an applicable guidelines range of 324–405 months' imprisonment. (*Id.* at 9.) Nonetheless, applying the 18 U.S.C. § 3553(a) statutory factors, the judge imposed a below-guidelines sentence of 216 months' imprisonment, which was within the range stipulated in the Parties' binding plea agreement. (*Id.* at 21.)

Since Flores was sentenced, the guidelines have changed. In 2022, Flores argued for a sentencing reduction based on Amendment 782 to the guidelines, which reduced the base offense levels in the drug quantities tables. The Court denied that motion because, even with a two-level reduction to Flores' offense level, the applicable guidelines range was greater than the imposed sentence of 216 months. (Order, ECF No. 488.)

Here, Flores argues that Amendment 821 should give him a two-level reduction as a zero-point offender. (Motion 2, ECF No. 489.) The Government points out that

2

even with a two-level reduction, the new guidelines range is greater than the imposed sentence. (U.S.A. Response, ECF No. 497.) That is true enough—as the Court observed in its previous order denying Flores resentencing, a two-level reduction does Flores no good. But with *both* Amendments, Flores would benefit from a four-level reduction—and with a new offense level of 37, and a criminal history category of I, Flores' new guidelines range would be 210–262 months' imprisonment. There would be room to reduce his sentence by up to six months.

The Government's argument does not show Flores ineligible for a sentence reduction. Yet he is ineligible. Amendment 821, Part B, does not apply to all zero-point offenders: it applies only to those zero-point offenders who also meet the criteria in U.S.S.G. § 4C1.1(a). And one criterion is that "the defendant did not possess . . . a firearm . . . in connection with the offense. U.S.S.G. § 4C1.1(a)(7). That is where Flores fails. He was convicted of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, (Judgment, ECF No. 402), so he necessarily possessed a firearm and thus is not eligible for the zero-point offender reduction.

Flores is no better off than he was when the Court denied his previous motion. Because a sentence reduction is not allowed under the circumstances, the Court does not reach the 18 U.S.C. § 3553(a) factors, which would otherwise guide its decision to reduce the sentence.

The 216-month term of imprisonment remains as imposed at sentencing.

### III. Conclusion

The Court finds that Flores does not meet the criteria for a zero-point offender adjustment. Amendment 821 does not change Flores' applicable guideline range, and so his Motions, (ECF Nos. 489, 495), are **denied.**

**SO ORDERED.**

Date: 05/06/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

Melecio Flores
Reg. # 09714-028
FCI Yazoo City Low 2
P.O. Box: 5000
Yazoo City, MS 39194

Distribution by CM/ECF to:

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
michelle.brady@usdoj.gov

Jacob Leon
Indiana Federal Community Defenders
Jacob_Leon@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov